1
2
3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALIAKSANDR KLIMENKA,<br><br>Defendant. | Case No. 22-cr-00256-SI-1<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION FOR BILL OF PARTICULARS**<br><br>Re: Dkt. No. 63 |

On November 15, 2024, the Court held a hearing on defendant's motion to dismiss the indictment for lack of notice and lack of venue. For the reasons set forth below, the Court DENIES the motion to dismiss but GRANTS the motion in the alternative for a bill of particulars.

**BACKGROUND**

On July 12, 2022, defendant Aliaksandr Klimenka was indicted on one count of operating, and aiding and abetting the operation of, an unlicensed money services business, in violation of 18 U.S.C. §§ 1960 and 2 ("Count One"); and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) ("Count Two"). The indictment alleges that Klimenka, a citizen of the Republic of Belarus, "controlled" SOFT-FX, a technology services company; and "controlled" FX OPEN, a financial company. Dkt. No. 1 ¶¶ 1-3.

The indictment further alleges that "[f]rom in or around 2011 to in or around July 2017, BTC-e was a digital currency exchange controlled by Alexander Vinnik, ALIAKSANR [sic] KLIMENKA, and others."[1]  *Id.* ¶ 4.  "[O]ne of the world's largest digital currency exchanges[,]"

---

[1] On May 31, 2016, the government filed an indictment against BTC-e, Vinnik, and others for operation of an unlicensed money transmitting business and conspiracy to commit money

BTC-e is alleged to have "processed several billion dollars' worth of transactions and served over one million users worldwide, including numerous customers in the United States and customers in the Northern District of California." *Id.* ¶ 5. The indictment alleges that "BTC-e was one of the primary ways by which cyber criminals around the world transferred, laundered, and stored the criminal proceeds of their illegal activities." *Id.* ¶ 6. "Unlike legitimate payment processors or digital currency exchanges, BTC-e did not require its users to validate their identity information by providing official identification documents[,]" making it easy for users to open accounts anonymously. *Id.* ¶¶ 8-9. Despite doing substantial business in the United States and in contravention of federal law, BTC-e did not register as a money services business with the Treasury Department's Financial Crimes Enforcement Network and had no anti-money laundering and/or "Know-Your-Customer" processes and policies in place. *Id.* ¶ 11. According to the indictment, BTC-e maintained its servers in the United States. *Id.* ¶ 13. The servers were leased to and maintained by SOFT FX and Klimenka. *Id.*

## DISCUSSION

Klimenka moves to dismiss the indictment for failure to provide notice of the charges against him or, in the alternative, for a bill of particulars. Dkt. No. 63 ("Mot."). Klimenka also moves to dismiss both counts for lack of venue in this district and to dismiss Count Two for lack of jurisdiction in the United States.

## I.     Lack of Notice

### A.     Legal Standard

Federal Rule of Criminal Procedure 7(c) provides, in relevant part:

The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified

laundering. *See United States v. BTC-e*, No. 16-cr-0227-SI (N.D. Cal. May 31, 2016).

means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. . . .

Fed. R. Crim. P. 7(c)(1).

In the Ninth Circuit, an indictment is usually sufficient if it sets forth the elements of the offense charged. *United States v. Fernandez*, 388 F.3d 1199, 1217-18 (9th Cir. 2004) (citations omitted); *see also United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) ("In the Ninth Circuit the use of a 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished.") (alteration, citation, and internal quotation marks omitted). In considering a pre-trial motion to dismiss an indictment, the Court may not look beyond "the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "[T]he court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.* "[A] bill of particulars cannot save an invalid indictment." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam) (citations omitted).

An indictment is sufficient to withstand a defendant's motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (citation omitted).

## B.    Analysis

Klimenka contends that the indictment is unconstitutionally vague. He argues the indictment must identify the alleged "control" of BTC-e and must specify the ways in which Klimenka is alleged to have "controlled" BTC-e. He seeks dismissal of Count Two for the same reasons.

As to Count One, Klimenka concedes that the indictment "recites the bare bones language of the statute," but he contends that is not enough for this crime. Mot. at 11. He points to cases in

which courts have found that greater factual specificity beyond a recitation of the statutory language was required in order to provide adequate notice.

The Court finds Klimenka's cases distinguishable. In *Russell v. United States*, 369 U.S. 749 (1962), the Supreme Court reversed the convictions of defendants charged with refusing to answer questions when summoned before a congressional subcommittee, in violation of 2 U.S.C. § 192, where the indictments failed to identify the subject matter under investigation at the time of the subcommittee's interrogation. In *Cecil*, the Ninth Circuit reversed convictions in a marijuana conspiracy case, where the "rather barren" indictment tracked the statutory language but lacked a statement of facts, made only two specific factual allegations concerning the conspiracies, and "fail[ed] to place the conspiracies within any time frame." 608 F.2d at 1296-97. In *United States v. Curtis*, 506 F.2d 985, 992 (10th Cir. 1974), the Tenth Circuit found an indictment reciting the mail fraud statute, without more, was unconstitutionally vague. The indictment alleged the defendant ran a fraudulent dating service but failed to give "any fair indication of the nature or character of the scheme or artifice relied upon, or the false pretenses, misrepresentations or promises forming a part of it." Similarly, in *United States v. Steffen*, 687 F.3d 1104 (8th Cir. 2012), the Eighth Circuit affirmed the dismissal of an indictment charging bank fraud, mail fraud, and wire fraud. As in *Curtis*, the *Steffen* court found that although "[a]n indictment is normally sufficient if its language tracks the statutory language[,] . . . where an indictment alleges a scheme to defraud under the bank, mail, or wire fraud statutes, it must specify facts . . . with such reasonable particularity . . . as will apprise [the defendant], with reasonable certainty, of the nature of the accusation . . . ." *Id.* at 1113 (internal quotation marks and citations omitted). This is so because "the term 'scheme to defraud' . . . is not capable of precise definition." *Id.* (citation omitted). In his reply brief, defendant relies heavily on Judge Davila's ruling in a case charging Theranos executives with wire fraud and conspiracy to commit wire fraud. *See* Dkt. No. 66 ("Reply") at 4-5 (citing *United States v. Holmes*, No. 18-cr-00258-EJD, 2020 WL 666563 (N.D. Cal. Feb. 11, 2020)). But in that case, after analyzing many of the same cases Klimenka cites here, Judge Davila denied the defendants' request to dismiss the superseding indictment for lack of notice. *See Holmes*, 2020 WL 666563, at *5-7.

Notably, none of Klimenka's cases involved the statute at issue here. Most of the cases on

4

United States District Court
Northern District of California

which he relies are those involving fraud charges, where courts found the indictment required more detail regarding the fraud scheme in order to provide adequate notice to the defendant and to ensure the defendant was prosecuted on the basis of the same conduct on which the grand jury indicted.

Here, Klimenka is charged in Count One with a violation of 18 U.S.C. § 1960. That statute makes it a crime to "knowingly conduct[], control[], manage[], supervise[], direct[], or own[] all or part of an unlicensed money transmitting business[.]" 18 U.S.C. § 1960(a). The indictment alleges, in relevant part, that "[f]rom in or around 2011 to in or around July 2017, BTC-e was a digital currency exchange controlled by Alexander Vinnik, ALIAKSANR [sic] KLIMENKA, and others." Dkt. No. 1 ¶ 4. The indictment describes BTC-e's operations and how criminals used BTC-e to launder criminal proceeds and transfer funds. *Id.* ¶¶ 5-21. The indictment also alleges that "SOFT-FX was a technology services company controlled by ALIAKSANDR KLIMENKA[,]" that BTC-e maintained its servers in the United States, that the "servers were one of the primary ways in which BTC-e and its operators effectuated their scheme[,]" and that the "servers were leased to and maintained by SOFT FX and ALIAKSANDR KLIMENKA." *Id.* ¶¶ 2, 13. The indictment recites the statutory language in support of the allegation that Klimenka operated, and aided and abetted the operation of, an unlicensed money transmitting business and that BTC-e was an unlicensed money transmitting business. *See id.* ¶ 23; 18 U.S.C. § 1960(b)(1)(B), (C).

Klimenka argues that "an indictment must specify in detail the particular 'control' that makes up an alleged violation of Section 1960[,]" but he cites no case law in support of this rule. *See* Mot. at 10 (citing *United States v. Keuylian*, 23 F. Supp. 3d 1126, 1129 (C.D. Cal. 2014) (dismissing wire fraud indictment)). Nor has this Court located any cases holding that Section 1960 is one of those crimes for which a recitation of the statutory language in the indictment will not suffice.

The Court will deny the motion to dismiss, as the indictment gives sufficient notice to Klimenka of the conduct alleged. Unlike a fraud charge, where reciting the statute's "scheme to defraud" language does not give notice of the nature of the scheme and therefore must be described in greater detail, here greater detail on how Klimenka allegedly "controlled" BTC-e is not required to enable Klimenka to prepare his defense. "[T]he Government need not allege in the indictment its case theory or the evidence underlying the charges. The Government must only provide enough

United States District Court
Northern District of California

1    facts to apprise a defendant of what defense should be prepared for trial." *Holmes*, 2020 WL

2    666563, at *6; *see also* Fed. R. Crim. P. 7(c)(1) ("A count may allege that the means by which the

3    defendant committed the offense are unknown . . . .").

4        What Klimenka requests here is more akin to the information requested in *United States v.*

5    *Resendiz-Ponce*, 549 U.S. 102 (2007), where the Supreme Court reversed the Ninth Circuit's

6    instructions to dismiss the indictment for lack of notice.  In *Resendiz-Ponce*, a Mexican citizen was

7    convicted of illegally attempting to reenter the United States.  The defendant moved to dismiss the

8    indictment for failing to allege a specific overt act that he committed in seeking reentry.  Although

9    the government agreed that the charge required an overt act, it contended the indictment's reference

10   to "attempt[]ing to enter the United States[,]" in recitation of the statutory language, was

11   constitutionally sufficient.  *See id.* at 107.  The Supreme Court agreed.  The Court rejected the

12   defendant's argument that the indictment needed to specify the overt act itself by, for instance,

13   alleging whether the overt act was walking into an inspection area, presenting a misleading

14   identification card, or lying to the inspector.  *Id.* at 109.  Instead, the Court found that "the use of

15   the word 'attempt,' coupled with the specification of the time and place of respondent's attempted

16   illegal entry" satisfied the constitutional criteria.  *Id.* at 108.  Likewise here, Klimenka requests

17   further detail on "the particular implicit or explicit actions that supposedly demonstrate his

18   ownership or control."  *See* Reply at 5.  But the statute under which Klimenka is charged is not one

19   of those statutes requiring greater factual detail in order to inform the defendant of the specific

20   offense with which he is charged.  Although the indictment here could be more specific, it is not

21   unconstitutionally vague: it lays out the factual background regarding the criminal activity of BTC-

22   e, including the time frame; alleges that Klimenka controlled a company that maintained and leased

23   BTC-e's servers; and alleges that Klimenka "controlled" BTC-e, including recitation of the statutory

24   language.

25       Much of Klimenka's argument focuses on whether or not the factual allegations in the

26   indictment are true.  Klimenka argues, for instance, that BTC-e was simply a *client* of one of

27   Klimenka's businesses, and that Klimenka has cooperated by facilitating the recovery of funds

28   following Vinnik's arrest.  Mot. at 7-8.  He also argues that the servers at issue only began to be

leased "*after* Vinnik's sealed indictment was filed and thereafter lasted only another 9 months." *Id.*

at 10 n.7.  But such factual counter-arguments have no place in the Court's analysis, which is limited

to "the four corners of the indictment[,]" and where at this stage "the court must accept the truth of

the allegations in the indictment[.]" *See Boren*, 278 F.3d at 914.  As Judge Davila has observed,

"the fact that Defendants can pick apart the truth of the events in the indictment indicates that the

[indictment] is constitutionally sound—it means Defendants *know* what they will face at trial." *See*

*Holmes*, 2020 WL 666563, at *7.

Klimenka secondarily argues that the indictment must allege that he knew BTC-e was an

*unlicensed* money transmitting business. Mot. at 10.  Relying on *United States v. Elfgeeh*, 515 F.3d

100, 133 (2d Cir. 2008), Klimenka argues that the indictment must be dismissed because it is silent

on this "essential element" of the offense.  Mot. at 10.  The government does not respond to this

argument.  In *Elfgeeh*, the Second Circuit found that the district court should have instructed the

jury that the government was required to prove the defendant knew the money-transmitting business

was unlicensed but found that, under the facts of that case, the error was harmless.  515 F.3d at 131.

The court's reasoning in *Elfgeeh* rested on an analysis of the definition of "unlicensed money

transmitting business" under 18 U.S.C. § 1960(b)(1)(A).  *Id.* at 133.  Here, the indictment rests on

different subsections, alleging BTC-e was unlicensed as defined under Section 1960(b)(1)(B) and

(C).[2] Dkt. No. 1 ¶ 23; *see also* Dkt. No. 65 ("Opp'n") at 14 ("The government has elected to proceed

---

[2] The statute defines the following:

**(b)** As used in this section—

>    **(1)** the term "unlicensed money transmitting business" means
>    a money transmitting business which affects interstate or foreign
>    commerce in any manner or degree and—

>>        **(A)** is operated without an appropriate money
>>        transmitting license in a State where such operation is
>>        punishable as a misdemeanor or a felony under State law,
>>        whether or not the defendant knew that the operation was
>>        required to be licensed or that the operation was so punishable;

>>        **(B)** fails to comply with the money transmitting business
>>        registration requirements under section 5330 of title 31,
>>        United States Code, or regulations prescribed under such
>>        section; or

United States District Court
Northern District of California

1    under the second and third prongs here.").  This Court will not extend *Elfgeeh* here to require that

2    the indictment, which describes BTC-e as an unlicensed money transmitting business under Section

3    1960(b)(1)(B) and (C), must state specifically that Klimenka knew BTC-e was unlicensed.  *See*

4    *United States v. Murgio*, 209 F. Supp. 3d 698, 714 (S.D.N.Y. 2016) (declining to dismiss count

5    alleging violation of 18 U.S.C. § 1960(b)(1)(B) that tracked the statutory language).

6        In sum, the Court denies defendant's motion to dismiss Count One of the indictment for lack

7    of notice.  Because defendant's motion to dismiss Count Two rests on acceptance of defendant's

8    arguments as to Count One, *see* Mot. at 11-12, the Court likewise declines to dismiss Count Two

9    for lack of notice.

10

11   **II.    Bill of Particulars**

12       In the alternative, defendant requests a bill of particulars.  He seeks the following:

13   - Whether the government alleges that Mr. Klimenka "conducted, controlled,
     managed, supervised, directed, or owned" all or part of an unlicensed money
14   transmitting business, as set forth in 18 U.S.C. § 1960(a). The government
     should specify which of these actions it intends to prove at trial and which
15   was presented to the grand jury.

16   - The manner or means by which Mr. Klimenka allegedly "[conducted,
     controlled, managed, supervised, directed, or owned]" BTC-e.
17

18   - The specific timeframe during which Mr. Klimenka allegedly "[conducted,
     controlled, managed, supervised, directed, or owned]" BTC-e.

19   Reply at 14.

20

21       **A.    Legal Standard**

22       Federal Rule of Criminal Procedure 7(f) provides, in part, that "[t]he court may direct the

23   government to file a bill of particulars."  "The bill of particulars has three functions: 'to inform the

24

25   _____

26           **(C)** otherwise involves the transportation or transmission of
         funds that are known to the defendant to have been derived
27       from a criminal offense or are intended to be used to promote
         or support unlawful activity . . . .

28   18 U.S.C. § 1960(b)(1).

8

United States District Court
Northern District of California

defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense.").  In considering whether to order a bill of particulars, the court "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).  Whether to grant a request for a bill of particulars is within the trial court's discretion.  *Id.* (citations omitted).

### B.    Analysis

As a threshold matter, the government contends Klimenka's request is too late.  Federal Rule of Criminal Procedure 7(f) states, "The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."  Klimenka was arraigned on January 30, 2024.  Dkt. No. 7.  Klimenka's motion does not address the belated timing of his request.  In his reply brief, Klimenka argues there is good cause for the late request because "[d]efense counsel dedicated the initial weeks of the case to addressing Mr. Klimenka's detention status" and because defendant was awaiting discovery and it remains unclear whether discovery is complete.  Reply at 10-11. In light of the procedural history of this case, the Court will allow Klimenka's motion to proceed despite its belated filing.

The Court will further order the government to provide a bill of particulars on the following:

- Whether the government alleges that Mr. Klimenka "conducted, controlled, managed, supervised, directed, or owned" all or part of an unlicensed money transmitting business, as set forth in 18 U.S.C. § 1960(a). The government should specify which of these actions it intends to prove at trial and which was presented to the grand jury.

- • The specific timeframe during which Mr. Klimenka allegedly "[conducted, controlled, managed, supervised, directed, or owned]" BTC-e.

The Court will not order a bill of particulars on "The manner or means by which Mr. Klimenka allegedly '[conducted, controlled, managed, supervised, directed, or owned]' BTC-e." *See* Reply at 14; *Giese*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking the "when, where, and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars).

The Court finds that a bill of particulars is warranted here. Although the indictment is not constitutionally deficient, the allegations are sparse regarding how Klimenka is tied to the BTC-e scheme. The indictment largely focuses on the activities of BTC-e. It alleges that Klimenka, with Vinnik, "controlled" BTC-e, and that Klimenka aided and abetted BTC-e's operation, but provides little additional detail. *See* Dkt. No. 1 ¶¶ 4, 23. For instance, the indictment states that Klimenka "controlled" the financial company FX OPEN but then does not mention FX OPEN again. *See id.* ¶ 3. The government states that it has produced roughly 9,800 individual documents with a searchable index and that it made a "reverse proffer" presentation and provided Klimenka with a copy of the government's 60-slide PowerPoint deck. Opp'n at 1, 11-12. However, when questioned at the hearing, the government could not confirm that Klimenka has been provided with the information he seeks in a bill of particulars. Under the circumstances presented, particularly the lack of detail in the indictment regarding what Klimenka himself is alleged to have done, the Court finds a bill of particulars appropriate as to the above-listed two topics only.

## III.    Venue

Klimenka also moves to dismiss both counts of the indictment for lack of venue.

### A.    Legal Standard

A criminal defendant "has a constitutional right to be tried in a district where the crime was committed." *United States v. Lukashov*, 694 F.3d 1107, 1119 (9th Cir. 2012) (citing U.S. Const. art. III, § 2, cl. 3 & amend. VI; Fed. R. Crim. P. 18). The venue requirement "involves important

United States District Court
Northern District of California

considerations of policy, with deep historical roots, that are now expressed in a complicated interplay of constitutional provisions, statutes and rules." *Id.* (citation omitted). "[A]lthough venue is not an element of an offense, nevertheless . . . [it] is a question of fact that the government must prove at trial by a preponderance of the evidence." *See United States v. Moran-Garcia*, 966 F.3d 966, 969 (9th Cir. 2020) (internal quotation marks and citations omitted). However, "the sufficiency of the evidence to justify a finding on venue . . . is a question of law for the court." *Lukashov*, 694 F.3d at 1120 (citations omitted). The Ninth Circuit has instructed that "only the indictment may be considered in pretrial motions to dismiss for lack of venue, and that the allegations must be taken as true." *United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir. 1997) (per curiam) (citing *United States v. Jensen*, 93 F.3d 667, 670 (9th Cir. 1996)). Venue must be proper as to each count in an indictment. *United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002).

### B. Analysis

#### 1. Count One

In Count One, Klimenka is charged with operating, and aiding and abetting the operation of, an unlicensed money services business, in violation of 18 U.S.C. §§ 1960 and 2.

Federal Rule of Criminal Procedure 18 provides, "Unless a statute or these rules provide otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. Section 1960 does not itself contain a venue provision. Therefore, in order to decide whether venue is proper in this district, the Court "must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999); *United States v. Kiselev*, No. 22-cr-428-JSW, 2023 WL 4771179, at *4 (N.D. Cal. July 25, 2023) ("When a criminal statute does not contain a venue provision, a court determines venue based on the nature of the crime and the acts that constitute the crime") (citations omitted). "To determine the 'nature of the crime,' we look to the 'essential conduct elements' of the offense." *Pace*, 314 F.3d at 349.

Klimenka argues that venue is not proper here because he is not alleged to have conducted or controlled BTC-e in this district. Klimenka relies almost entirely on a recent decision out of the

District of Utah, *United States v. Eziyi*, No. 22-cr-00160-JNP-2, 2023 WL 6318118 (D. Utah Sept. 28, 2023).  *See* Mot. at 15-17.  As the government notes, the district court in *Eziyi* ultimately denied the motion to dismiss for lack of venue and allowed the Section 1960 charge to proceed on an aiding and abetting theory.  The court cautioned, however, that the government would need to prove to the jury that the substantive offense was committed by a third party in the District of Utah, and that the defendant aided and abetted that offense.  *See Eziyi*, 2023 WL 6318118, at *9.

The Court is not entirely persuaded that the reasoning in *Eziyi* applies here.  The *Eziyi* order does not describe in detail what was alleged in the indictment or what the government's theory was, making it difficult to analogize to the facts here.  The court's reasoning was also based in part on Tenth Circuit precedent that has not been expressly adopted in this circuit.  *See id.* at *4, *6 (explaining that the Tenth Circuit has rejected the "substantial contacts" test for determining venue) (citing *United States v. Smith*, 641 F.3d 1200, 1208 (10th Cir. 2011)).

In any event, here Klimenka is being prosecuted under an aiding and abetting theory, and the indictment alleges that Klimenka "and others" committed the offense conduct in this district. *See* Dkt. No. 1 ¶ 23.  As in *Eziyi*, if others conducted, controlled, managed, supervised, directed, or owned all or part of the business in this district, and Klimenka aided and abetted that conduct, then venue here is proper.  Of course, Klimenka may raise the venue argument again if the government does not in fact prove venue by a preponderance of the evidence.  At this stage, however, the Court finds venue sufficiently alleged as to Count One.

**2.      Count Two**

In Count Two, Klimenka is charged with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  As contrasted with Section 1960, Section 1956 contains a venue provision.  This Court's analysis therefore begins with the text of the statute.  *See Kiselev*, 2023 WL 4771179, at *4.

The venue provision states:

**(i)      Venue.**

**(1)** Except as provided in paragraph (2), a prosecution for an offense under this section or section 1957 may be brought in—

    **(A)** any district in which the financial or monetary transaction is conducted; or

    **(B)** any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.

**(2)** A prosecution for an attempt or conspiracy offense under this section or section 1957 may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place.

**(3)** For purposes of this section, a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place.

18 U.S.C. § 1956(i)(1)-(3).

Klimenka argues that none of the essential conduct elements of the money laundering conspiracy alleged in Count Two occurred in the Northern District of California. Mot. at 18. His argument focuses on whether he is alleged to have "conducted" any portion of a transaction within the meaning of the statute.[3] *See id.* (citing 18 U.S.C. § 1956(i)(3)). But he ignores the statute's venue provision specific to conspiracy charges. Where a criminal statute contains a venue provision, that provision governs. *See* 25 Moore's Federal Practice -- Criminal Procedure § 618.05 (2024) ("If the criminal statute for an offense involving more than one district contains specific venue provisions, those provisions will determine where venue is proper."); *cf. Kiselev*, 2023 WL 4771179, at *4 ("When a criminal statute does not contain a venue provision, a court determines venue based on the nature of the crime and the acts that constitute the crime.") (citations omitted).

Here, the statute provides that venue on a conspiracy charge under Section 1956(h) is proper "in any . . . district where an act in furtherance of the . . . conspiracy took place." 18 U.S.C. § 1956(i)(2). The Court finds the indictment sufficiently alleges an act in furtherance of the conspiracy took place in this district by virtue of BTC-e servicing customers from this district and "receiv[ing] the criminal proceeds of numerous computer intrusions and hacking incidents,

---

[3] As used in the statute, "[t]he term 'conducts' includes initiating, concluding, or participating in initiating, or concluding a transaction[.]" 18 U.S.C. § 1956(c)(2).

United States District Court
Northern District of California

ransomware events, identity theft schemes, corrupt public officials, and narcotics distribution rings." Dkt. No. 1 ¶¶ 5-6. Other acts in furtherance of the conspiracy include BTC-e "using other third-party companies, including companies within the Northern District of California, to effectuate its operations." *See id.* ¶ 13.

In his motion, Klimenka focuses on a version of the facts not contained in the indictment. He "surmise[s]" that any conspiracy between Vinnik and Klimenka would have occurred entirely outside of the United States, though he concedes the indictment is silent on this. *See* Mot. at 18. And he argues that the evidence will show that Klimenka "advised Vinnik to avoid, filter out, and not have anything to do with U.S. customers." *Id.* at 18-19. But at this stage, the Court reviews the venue allegations solely by reference to the allegations in the indictment. *See Mendoza*, 108 F.3d at 1156. Here, the indictment alleges that, "within the Northern District of California, and elsewhere," Klimenka conspired "with individuals known and unknown . . . ." Dkt. No. 1 ¶ 25. The Court finds venue is adequately alleged and denies the motion to dismiss Count Two for lack of venue.

## IV. Extraterritoriality

Finally, Klimenka argues this Court lacks extraterritorial jurisdiction over Count Two, conspiracy to commit money laundering. Mot. at 19-20. Citing the statute's extraterritoriality provision, 18 U.S.C. § 1956(f), and the definition of "conducts" contained elsewhere in the statute, he argues that "nothing in the Indictment alleges that Mr. Klimenka initiated, concluded or participated in initiating or concluding *any* transaction, let alone a transaction in the United States." Mot. at 19.

As the government notes, Opp'n at 17, the Court need not reach the extraterritoriality question because the indictment alleges domestic conduct. As with his venue argument, Klimenka's extraterritoriality challenge rests in part on a factual dispute beyond the four corners of the indictment. He argues that none of the conspiratorial conduct could have occurred in the United States because "Mr. Vinnik is alleged to have run BTC-e from abroad." Mot. at 19-20. But the indictment does not specify Vinnik's location, and Klimenka ignores the allegation in the indictment

United States District Court
Northern District of California

that Klimenka conspired "with individuals known and unknown" in this district. *See* Dkt. No. 1 ¶ 25. In contravention of the allegations in the indictment, Klimenka assumes that all of the conspiratorial "interactions would have occurred in countries other than the United States." *See* Mot. at 20. Because the indictment alleges that the conspiracy occurred in part in the United States, the Court denies the motion to dismiss Count Two for lack of extraterritorial jurisdiction.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss the indictment and GRANTS defendant's request for a bill of particulars as to the following:

- Whether the government alleges that Mr. Klimenka "conducted, controlled, managed, supervised, directed, or owned" all or part of an unlicensed money transmitting business, as set forth in 18 U.S.C. § 1960(a). The government should specify which of these actions it intends to prove at trial and which was presented to the grand jury.

- The specific timeframe during which Mr. Klimenka allegedly "[conducted, controlled, managed, supervised, directed, or owned]" BTC-e.

**IT IS SO ORDERED**.

Dated: November 19, 2024

SUSAN ILLSTON
United States District Judge