ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KATHERINE M. LLOYD-LOVETT (CABN 276256)
Assistant United States Attorney
CLAUDIA QUIROZ (CABN 254419)
C. ALDEN PELKER (MD)
JONAS LERMAN (CABN 274733)
Trial Attorneys
Computer Crime & Intellectual Property Section
United States Department of Justice

     1301 Clay Street, Suite 340S
     Oakland, California 94612
     Telephone: (510) 637-3680
     FAX: (510) 637-3724
     katherine.lloyd-lovett@usdoj.gov
     claudia.quiroz2@usdoj.gov
     catherine.pelker@usdoj.gov
     jonas.lerman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 3:22-CR-00256-SI |
|      Plaintiff, | ) BILL OF PARTICULARS |
|   v. | ) |
| ALIAKSANDR KLIMENKA | ) |
|      Defendant. | ) |

      In accordance with the Court's Order on November 19, 2024 (ECF No. 75), the United States hereby submits a bill of particulars with respect to (1) which actions specified in 18 U.S.C. § 1960 the government intends to prove at trial[1]; and (2) the timeframe during which the government alleges the

---

[1] The Court's Order also directed the government to specify which actions were presented to the grand jury. The government is producing the grand jury transcript to the defense.

defendant "[conducted, controlled, managed, supervised, directed, or owned]" BTC-e.  The Court denied the defense motion for a bill of particulars with regard to "[t]he manner or means by which Mr. Klimenka allegedly "[conducted, controlled, managed, supervised, directed, or owned]" BTC-e, and the government thus does not provide such detail here.

## I.  Actions Under 18 U.S.C. § 1960

At trial, the government anticipates introducing evidence of the below categories of actions by the defendant, as relevant to proving his violation of 18 U.S.C. § 1960:

A. **Conducted:** The defendant conducted an unlicensed money transmitting business—that is, he took part in the financial, technical, and business operation of BTC-e.

B. **Controlled:** The defendant was one of several individuals who controlled BTC-e during its operation.  While the defendant was not the ultimate decisionmaker for all of BTC-e's business and operating decisions, he nonetheless had a level of control over aspects of its operation.  This included, but was not limited to, influence and control over BTC-e's financial accounts and technical infrastructure.

C. **Managed:** The defendant managed aspects of BTC-e's operations.  The plain meaning of "managing" includes both work done by the defendant personally and work overseen by the defendant; here, the defendant did both in furtherance of BTC-e's operations.  Though the defendant was not BTC-e's only or primary manager, he nonetheless "managed" within the meaning of the statute.

D. **Supervised:** The defendant supervised activities of BTC-e, as well as supervised individuals who provided staff support to BTC-e, including BTC-e employees and employees of the defendant's other companies who were seconded to work on BTC-e.

E. **Directed:** The defendant directed activities of BTC-e.  While, as noted above, the defendant was not the ultimate decisionmaker for BTC-e's business and operating decisions, he exerted influence and control over BTC-e and its activities.

F. **Owned:** The government does not allege that the defendant had a controlling ownership stake in BTC-e.  But the government will show that the defendant had a financial interest in BTC-e and owned xBTCe, which operated as a division of BTC-e.

1    **xBTCe:** The government will introduce evidence showing that xBTCe operated as part of

2    BTC-e. The defendant's actions in conducting, controlling, managing, supervising, directing, and

3    owning xBTCe are thus also the defendant's actions in conducting, controlling, managing, supervising,

4    directing, and owning all or part of BTC-e. The government will present such evidence at trial.

5    **Aiding and Abetting:** In the alternative, even if the jury does not find that the defendant

6    personally conducted, controlled, supervised, directed, or owned all or part of BTC-e, it should

7    nonetheless return a verdict of guilty if the jury finds that the defendant aided, abetted, counseled,

8    commended, induced, or procured the commission of the offense.

9    **Disjunctive Pleading:** The government need not prove each verb listed in section 1960, but

10   instead must prove to the jury beyond a reasonable doubt that, taking the evidence as a whole, the

11   defendant conducted, controlled, supervised, directed, *or* owned all or part of a money services business.

12   *See United States v. Robertson*, 895 F.3d 1206, 1219 (9th Cir. 2018) ("The government may charge in

13   the conjunctive and prove in the disjunctive.").

14                                   **II. Timeframe**

15   The evidence will show that Klimenka operated, or aided and abetted the operation of, BTC-e

16   from in or around 2011, and shifted into a more active role by in or around 2013, continuing through

17   BTC-e's seizure by law enforcement in July 2017.

18

19   DATED: December 23, 2024                          Respectfully submitted,

20                                                     ISMAIL J. RAMSEY

21                                                     United States Attorney

22                                                     _____/s/_____

23                                                     KATHERINE LLOYD-LOVETT
                                                       Assistant United States Attorney

24                                                     CLAUDIA QUIROZ

25                                                     C. ALDEN PELKER
                                                       JONAS LERMAN

26                                                     Trial Attorneys, CCIPS

27

28