ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

RYAN REZAEI (CABN 285133)
Assistant United States Attorney
CLAUDIA QUIROZ (CABN 254419)
C. ALDEN PELKER (MD)
JONAS LERMAN (CABN 274733)
Trial Attorneys
Computer Crime & Intellectual Property Section
United States Department of Justice

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 802-4637
    Fax: (415) 436-7234
    claudia.quiroz2@usdoj.gov
    ryan.rezaei@usdoj.gov
    catherine.pelker@usdoj.gov
    jonas.lerman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 22-00256 SI |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR A SECOND BILL OF PARTICULARS |
| v. | |
| ALIAKSANDR KLIMENKA, | |
| Defendant. | |

## INTRODUCTION

The Court should deny Defendant Aliaksandr Klimenka's motion for a second bill of particulars. ECF No. 86. The government fully complied with the Court's November 2024 order, and Klimenka has been amply informed of the charges against him. In arguing otherwise, he mischaracterizes the record, distorts the Court's order, ignores precedent, and cites no authority supporting his motion. None exists.

# BACKGROUND

In November 2024, the Court denied in part and granted in part Klimenka's original motion, ordering the government to submit a bill of particulars that addressed two topics:

- Whether the government alleges that Mr. Klimenka "conducted, controlled, managed, supervised, directed, or owned" all or part of an unlicensed money transmitting business, as set forth in 18 U.S.C. § 1960(a). The government should specify which of these actions it intends to prove at trial and which was presented to the grand jury.

- The specific timeframe during which Mr. Klimenka allegedly "[conducted, controlled, managed, supervised, directed, or owned]" BTC-e.

ECF No. 75 at 15. The Court expressly declined to require a bill of particulars about "[t]he manner or means by which Mr. Klimenka allegedly '[conducted, controlled, managed, supervised, directed, or owned]' BTC-e." *Id.* at 10.

In its December 2024 bill of particulars (ECF No. 84), the government fully complied with the Court's November 2024 order. *See* pp. 2–6, *infra*. For weeks after the government's filing—while the parties discussed other issues in the case—Klimenka raised no concerns about the filing's adequacy. Yet Klimenka now moves to compel a "further bill of particulars," claiming that the government did not comply with the Court's November 2024 order. ECF No. 86. And he asked the Court to consider his new allegations on an extraordinarily compressed schedule—a request the Court correctly rejected. ECF No. 88 ("Counsel for Klimenka is instructed to review the Local Rules regarding timing of Motions. . . .").[1]

# ARGUMENT

In its December 2024 bill of particulars, the government fully complied with the Court's order. Klimenka cites nothing in the record and no authority that supports a contrary conclusion. The bill of particulars addressed both topics that the Court ordered the government to address: (1) which of the actions specified in 18 U.S.C. § 1960 that the government intends to prove at trial; and (2) the timeframe during

---

[1] Klimenka's motion surprised the government. He had not raised concerns previously about the government's compliance with the November 2024 order, had not notified the government that he planned to file this motion, and had not obtained the government's position. Moreover, Klimenka knew when he filed his January 29 motion (with its January 31 notice date) that government counsel would be on work travel until the evening of January 30—a fact the government had shared with defense counsel by email on January 28, the day before Klimenka filed his motion. Klimenka also knew that another member of the prosecution team, AUSA Katherine Lloyd-Lovett, recently departed the Department of Justice—another fact that the government recently shared with defense counsel by email.

which the government alleges that Klimenka "[conducted, controlled, managed, supervised, directed, or owned]" BTC-e. *See* ECF No. 84; ECF No. 75 at 15.

As to the first topic, the bill of particulars detailed the actions under section 1960 that the government anticipates the evidence will prove, including how Klimenka conducted an unlicensed money transmitting business by taking part in BTC-e's "financial, technical, and business operation"; how Klimenka, although not the "ultimate decisionmaker," "was one of several individuals who controlled BTC-e during its operation" and had influence and control "over BTC-e's financial accounts and technical infrastructure"; how he was a manager of BTC-e's operations and supervised BTC-e employees and employees of Klimenka's "other companies who were seconded to work on BTC-e"; how he "directed activities of BTC-e" and "exerted influence and control"; and more. ECF No. 84 at 2–3. The government also explicitly stated its argument that Klimenka's actions operating xBTCe should be considered part of BTC-e's operation. *Id.* What's more, the government explained that Klimenka would be guilty of violating section 1960 as an aider or abettor even if not as a principal, and that the government need not prove every verb listed in section 1960. *Id.* at 3. Finally, in response to the Court's directive to specify which actions were presented to the grand jury, the government noted that it "is producing the grand jury transcript to the defense." *Id.* at 1 n.1. (That transcript was produced to defense on December 23, 2024.)

As to the second topic specified in the Court's order, the bill of particulars explained that "[t]he evidence will show that Klimenka operated, or aided and abetted the operation of, BTC-e from in or around 2011, and shifted into a more active role by in or around 2013, continuing through BTC-e's seizure by law enforcement in July 2017." *Id.* at 3.

Klimenka identifies nothing deficient in the December 2024 bill of particulars. He asserts that it "provided little to no additional detail regarding the relevant subject matter" beyond what is in the indictment. ECF No. 86 at 1. But he is wrong, as evidenced from the face of the government's filing. The bill of particulars goes beyond the indictment's allegations and provides the exact information that the Court ordered. The bill of particulars—further supplemented by additional discovery produced to Klimenka since November 2024[2]—fully complies with the Court's order. The government has more than

---

[2] On December 2, 2024, soon after the Court's November 2024 bill-of-particulars order, the government produced a detailed 45-page summary document (KLIMENKA-00153137-00153181) that was specifically focused on Klimenka and highlighted significant items of discovery, including notable

met its obligations under binding precedent. *See* ECF No. 65 at 9–13.

Ignoring that precedent, Klimenka tries to relitigate arguments from his original motion that he lost. *See* ECF Nos. 63, 66, 75. He continues to ask for information and details to which he has no right at this pretrial stage. In this new motion, as in his original motion, Klimenka wants the government to prove its case on the papers before trial. But that is not how bills of particulars work. Rule 7(f) does not give a defendant the right "to know all the evidence the government intends to produce"—"only the theory of the government's case." *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963). Thus, a bill of particulars does not permit a defendant to obtain "complete discovery of the government's evidence," such the "'when, where, and how' of every act in furtherance of the conspiracy," *United States v. Geise*, 597 F.2d 1170, 1181 (9th Cir. 1979), or all the overt acts, *id.* at 1180, or "the names of any unknown coconspirators," *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985). Nor does a defendant have a right to "the content of the testimony of each of the government witnesses before trial." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). Klimenka continues to ignore blackletter law.

To be sure, the bill of particulars here includes some broad descriptions of Klimenka's role in the charged conspiracy. But that is because his role was broad. Likewise, the bill of particulars refers to broad timeframes because Klimenka participated in the conspiracy for a long time.

Klimenka's continued claims of ignorance about the nature of the charges and the timeline of his involvement in the conspiracy strain credulity. The government's theory of the case is robustly supported not just by the bill of particulars but by extensive discovery produced to Klimenka, such as records of his communications with other members of the BTC-e operating team; records of the BTC-e servers and technical accounts directly tied to him and his companies; and records pertaining to financial accounts he set up or assisted in setting up for BTC-e. The dates of these messages and records support the government's assertion that Klimenka was involved in BTC-e for an extended period, with his role growing in 2013 and continuing until the site's 2017 seizure by U.S. law enforcement. Klimenka apparently intends to offer the jury an alternative interpretation of the chats, records, and other evidence. But there is no secret or surprise about the government's case.

---

chat messages and account records. That document had been in processing for discovery prior to and apart from the bill-of-particulars litigation. That summary document is not intended to be an exhaustive list of the evidence the government intends to offer at trial, but it nonetheless can aid the defense's preparation.

U.S. OPP. TO DEF.'S MOT. FOR 2ND BOP                4
CR 22-00256 SI

Klimenka identifies no authority that supports his motion for a second bill of particulars. He cites three cases; none helps him. Klimenka's first case—an unpublished Ninth Circuit decision from 1988—is not even citable. ECF No. 86 (citing *United States v. Short*, 1988 WL 91108, at *2 (9th Cir. Aug. 29, 1988)). "Unpublished dispositions and orders of [the Ninth Circuit] issued before January 1, 2007 may not be cited to the courts of this circuit," except in three narrow situations not present here. 9th Cir. R. 36-3(c). The Court should thus strike Klimenka's improper citation to *Short*.

In any event, nothing in *Short* supports Klimenka's motion for a second bill of particulars. At issue in *Short* was whether the district court erred at trial by denying the defendant's request to limit the government's evidence "to the indictment and bill of particulars," where the defendant argued "that a variance exists between what was alleged in the indictment and bill of particulars and the proof at trial, particularly evidence of other crimes and wrongs." 1988 WL 91108, at *1; *see id.* at *3 ("The crux of Short's argument is that the government did not limit the scope of its proof at trial to what was alleged in the indictment and the bill of particulars."). But the Ninth Circuit rejected the defendant's claim and affirmed his conviction, concluding that the alleged variance did not affect his substantial rights. *Id.* at *2–*3 & n.4. That uncitable, unpublished affirmance lends no support to Klimenka's motion for a second bill of particulars. *Short* is irrelevant.

Klimenka's two other citations likewise miss the mark. He relies on an unpublished 2006 order from a Colorado district court, *United States v. Nacchio*, No. 05-CR-5450-EWN, 2006 WL 2475282, at *7 (D. Colo. Aug. 25, 2006), to support his assertion that the bill of particulars here "largely restates the allegations in the indictment and does not include the type of detail necessary for a sufficient bill of particulars." ECF No. 86 at 2. That unpublished District of Colorado order does not bind this Court or any other. Nor does it support Klimenka's motion. The indictment in that insider-trading case is unlike the indictment here, just as the deficient part of the bill of particulars there is unlike the bill of particulars here. *Compare* ECF No. 84 *with Nacchio*, 2006 WL 2475282, at *7. Plus, the *Nacchio* court found that much of the bill of particulars was adequate. *Id.* at *6–*9. If anything, *Nacchio* undercuts Klimenka's motion.

Klimenka's final citation to *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983), falls just as flat. Klimenka cites *Long* for the proposition that the alleged "lack of additional detail and information" in the December 2024 bill of particulars "provides no clarification to Mr. Klimenka to adequately prepare

his defense and does not demonstrate a good faith effort to comply." ECF No. 86 at 4. But that new allegation is groundless and finds no support in *Long*. There, unlike here, the defendant received no bill of particulars: He argued on appeal that "the district court erred in denying his motion for a bill of particulars." *Long*, 706 F.2d at 1054. But the Ninth Circuit rejected his claim, noting that he had received "full discovery" and that "[t]he decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." *Id.* (citations omitted). The Ninth Circuit held that the district court acted within its discretion by denying the defendant's motion for a bill of particulars. *Id.* Thus, *Long* does not remotely support Klimenka's motion for a *second* bill of particulars.

## CONCLUSION

Klimenka's motion for a second bill of particulars should be denied.

Dated: February 10, 2025

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*s/ Claudia Quiroz*
RYAN REZAEI
Assistant United States Attorney
CLAUDIA QUIROZ
C. ALDEN PELKER
JONAS LERMAN
Trial Attorneys, CCIPS