UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALIAKSANDR KLIMENKA,<br>Defendant. | Case No. 22-cr-00256-SI-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ORDER AUTHORIZING RULE 15 DEPOSITIONS**<br><br>Re: Dkt. No. 100 |

On May 2, 2025, the Court held a hearing on defendant Aliaksandr Klimenka's motion for an order authorizing Rule 15 depositions. The Court sets a further status conference for May 23, 2025, at 11:00 a.m. to discuss the pretrial schedule and trial date.

**BACKGROUND**

In July 2022, a grand jury returned a two-count indictment charging Klimenka with operation of, and aiding and abetting the operation of, an unlicensed money transmitting business under 18 U.S.C. §§ 1960 and 2, and conspiracy to commit money laundering under 18 U.S.C. § 1956(h). Dkt. No. 1. The indictment alleges that between 2011 and July 2017, Klimenka and others conspired to operate BTC-e, a digital currency exchange that facilitated transactions for cybercriminals worldwide, including hackers, ransomware rings, fraudsters, corrupt public officials, and narcotics-distribution networks. Klimenka allegedly controlled BTC-e with Alexander Vinnik and others. *Id*. ¶¶ 4, 13. Klimenka also controlled the companies Soft-FX and FX Open. *Id.* ¶¶ 2-3. The indictment alleges that BTC-e's servers "were leased to and maintained by Soft-FX and Klimenka." *Id*. ¶ 13.

On October 11, 2024, Klimenka filed a motion to dismiss for lack of notice or in the

alternative for a bill of particulars. The Court denied the motion to dismiss but granted the bill of particulars in part, finding that "[a]lthough the indictment is not constitutionally deficient, the allegations are sparse regarding how Klimenka is tied to the BTC-e scheme." Dkt. No. 75 at 10. The government filed a bill of particulars, and the Court denied a motion for an amended bill of particulars on February 14, 2025.

Trial is scheduled to begin July 7, 2025.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 15(a) provides in relevant part,

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Fed. R. Crim. P. 15(a)(1). "Rule 15(a) allows the district court broad discretion in deciding whether to order depositions in a criminal case[.]" *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000). "[C]ourts often consider the following factors when considering whether to grant a Rule 15 motion: (1) the unavailability of the witness at trial; (2) the good faith effort by the movant to obtain the witness's presence at trial; and (3) a demonstration by the movant that the expected testimony would be favorable and material." *United States v. Torre-Sanchez*, Case No. 12-cr-00833-LHK, 2014 WL 4370538, at *2 (citing *United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995)).

With regard to unavailability, "a conclusive showing of unavailability is required only to use a deposition in a criminal trial, not to allow the deposition to be taken so that the testimony can be preserved for possible eventual use," and it is sufficient to "show[] that the witnesses [a]re beyond the subpoena power of the court and [a]re 'unwilling, for good reason, to come to the United States' to testify." *United States v. Rodriguez-Sifuentes*, 637 F. App'x 1016, 1017 (9th Cir. 2016) (citing *United States v. Medjuck*, 156 F.3d 916, 920 (9th Cir. 1998)). As to materiality, "[m]ost cases applying Rule 15 conclude that testimony is material if it is 'highly relevant to a central issue in the case.'" *United Staes v. Lynch*, No. 18-CR-00577-CRB-1, 2023 WL 7927764, at *1 (N.D. Cal. Nov. 15, 2023) (quoting *United States v. Jinian*, No. CR-09-1103-JSW EDL, 2010 WL 3910138, at *3

(N.D. Cal. Oct. 5, 2010)); *see also Rodriguez-Sifuentes*, 637 F. App'x at 1017 ("a defendant is not required to show materiality conclusively in order to obtain and preserve testimony.").

**DISCUSSION**

On April 18, 2025, Klimenka filed a motion pursuant to Federal Rule of Criminal Procedure 15 seeking the depositions of seven foreign witnesses. The witnesses are citizens of Russia, Latvia, Spain and Belarus, and they are currently residing in Russia, Latvia, Spain, Belarus and Poland. According to declarations filed by Klimenka, each witness is unwilling to travel to the United States for Klimenka's trial for a variety of reasons, including hardship, but they are all willing to be deposed in Warsaw. The seven individuals were employees of FX Open during the relevant time period identified in the indictment, and Klimenka asserts that each witness possesses specialized computer software, hardware, and/or programming knowledge about the relationship between Klimenka's businesses and BTC-e, and their testimony is critical to rebutting the government's theory that Klimenka's companies provided integral support to BTC-e.

The government opposes the motion, contending that it is untimely, that the witnesses are not unavailable, and that Klimenka has failed to demonstrate that the witnesses' testimony will be favorable and material to his defense.

**I.     Timeliness**

The government contends that Klimenka's motion is untimely and that there is no reason why Klimenka could not have filed this motion earlier. The government asserts that if the Court grants Klimenka's motion, the July 2025 trial date will need to be postponed because it will take at least several months before the depositions can occur.

Klimenka responds that it was not until the government served its expert disclosures on March 14, 2025, that he finally learned the government's precise theory of how Klimenka and his companies allegedly provided integral support to BTC-e. Klimenka has filed a copy of the report of the government's chief investigator, Ronan McGee, in which he states, *inter alia*, that he "believe[s] that Klimenka's Soft-FX [company] was essential to enabling BTC-e to function,

3

providing the exchange with key technical architecture to operate appropriately." McGee Report at 15 (Dkt. No. 109-1). Mr. McGee also opines that Klimenka "was fully integrated" with BTC-e and that FXOpen managed fiat bank accounts for BTC-e's shell companies; that Klimenka's business xBTCe was a division of BTC-e; and that Klimenka's companies were intertwined with BTC-e in numerous ways, including by leasing servers to BTC-e and providing computer hardware, software and programming. Klimenka asserts that prior to receiving the McGee report, it was unclear how the government believed Klimenka was connected to BTC-e or what Klimenka's role was.

The Court finds that under the circumstances of this case, Klimenka did not unduly delay in bringing this motion. As Klimenka notes, the defense spent the first several months of this case litigating the terms of Klimenka's pretrial release, followed by several motions to dismiss and for bills of particulars. The government has produced discovery on a rolling basis, and the document productions have been voluminous. The related case against Alexander Vinnik was dismissed in February 2025 in connection with the Russian prisoner exchange, and that dismissal has impacted this case, although the parties dispute whether Vinnik's absence is harmful to the prosecution or the defense. In any event, the Court accepts the defendant's representation that it was not until receipt of the McGee report that the defense knew the government's particular theories as to Klimenka's alleged involvement with BTC-e, and the defense filed the current motion soon thereafter.

**II.    Unavailability**

Klimenka contends that all of the foreign witnesses are unavailable because they outside the subpoena power of the United States and they are unwilling and/or unable to travel to the United States. The government asserts that the witnesses are not truly unavailable because they have not attempted to apply for visas and there are no "external forces," such as incarceration, that bar them from traveling to the United States.

Courts evaluating unavailability under Rule 15 have found that is sufficient to "show[] that the witnesses [a]re beyond the subpoena power of the court and [a]re 'unwilling, for good reason, to come to the United States' to testify." *Rodriguez-Sifuentes*, 637 F. App'x at 1017. The Court finds that Klimenka has adequately demonstrated unavailability. One witness has applied for

4

asylum in Poland and is not supposed to leave Poland while the application is pending (Kachanov); one witness was previously denied a visa and entry to the United States based on old DUI conviction (Vanags); and one witness is receiving treatment for cancer in Spain (Pazniak). The other witnesses are citizens of Russia or Belarus, and currently living in Russia, Belarus and Poland. The witnesses living in Russia and Belarus would be required to travel to Poland to apply for visas, and Klimenka has submitted evidence suggesting that citizens of Russia and Belarus may face difficulty in obtaining visas. *See* Voronov Reply Decl.¶ 16. In addition, and according to a declaration filed by defense counsel, all of the witnesses are afraid to travel to this country for fear of being detained and potentially prosecuted by the United States. *Id.* ¶ 12 ("All of these witnesses have some degree of deeply rooted, cultural and generalized fear that they might be wrongfully detained and prosecuted by the U.S. government."). Under all of these circumstances, the Court finds that the foreign witnesses are unavailable.

### III.     Materiality

Klimenka asserts that each of the witnesses is expected to provide material testimony that is crucial and favorable to his defense. Klimenka has provided a fairly detailed description of the specific subjects (such as IT, software, hardware, programming) to which each witness would testify. In general, all of witnesses are expected to testify that Klimenka's businesses were separate from BTC-e, and that Klimenka could not have had and did not have insight into or involvement in BTC-e's operations.

The government contends that at most, the witnesses' proposed testimony is somewhat relevant, but not highly relevant or exculpatory. The government also asserts that the witnesses are cumulative.

"Most cases applying Rule 15 conclude that testimony is material if it is 'highly relevant to a central issue in the case.'" *Lynch*, No. 18-CR-00577-CRB-1, 2023 WL 7927764, at *1. The Court finds that Klimenka has shown that the foreign witnesses' testimony is highly relevant to whether Klimenka had knowledge of BTC-e's alleged illegal activities. Klimenka is charged with one count of operating an unlicensed money services business (BTC-e) in violation of 18 U.S.C. §§ 1960, 2,

and one count of conspiracy to commit money laundering through BTC-e in violation of 18 U.S.C. § 1956(h). Knowledge is an element of both charges. *See United States v. Elfgeeh*, 515 F.3d 100, 133 (2d Cir. 2008) (18 U.S.C. § 1960(a) as amended in 2001 "require[s] proof that the defendant knew that the business was engaged in money-transmitting and also knew that the business had no money-transfer license."); *United States v. Marbella*, 73 F.3d 1508, 1514 (9th Cir. 1996) ("To support a conviction for money laundering under 18 U.S.C. § 1956(a)(1), the government must prove [the defendant] (1) engaged in a financial transaction which involved proceeds from specified illegal activity, (2) knew the proceeds were from illegal activity, and (3) intended the transaction either to promote the illegal activity or to conceal the nature, source, or ownership of the illegal proceeds."). Thus, what Klimenka knew about BTC-e's business is highly relevant, and testimony about the relationship between Klimenka's businesses and BTC-e bears on that issue. Further, even if there is some overlap in the witnesses' expected testimony – a point that Klimenka disputes – "having multiple witnesses to rely on may increase credibility with the jury." *Lynch*, 2023 WL 7927764, at *8.

The Court recognizes that granting defendant's request will likely result in a need to continue the trial. However, the Court finds that it is in the interest of justice to authorize the depositions. The Court will discuss the status of the Rule 15 depositions and the impact on the pretrial and trial schedule at the May 23, 2025 case management conference.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendants' motion for an order authorizing Rule 15 depositions.

**IT IS SO ORDERED**.

Dated: May 2, 2025

SUSAN ILLSTON
United States District Judge