UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE LETTER ROGATORY TO GERMANY IN THE PROSECUTION OF ALISAKSANDR KLIMENKA, | Case No. 3:22-cr-00256-SI <br><br> **LETTER ROGATORY** <br><br> Trial Date: October 20, 2025 <br><br> Before the Honorable Susan Illston <br> United States District Judge |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
TO THE GOVERNMENT OF GERMANY
<u>(LETTER ROGATORY)</u>**

The United States District Court for the Northern District of California presents its greetings to the judicial authorities in the state of Germany and respectfully requests the assistance of the courts of Germany in connection with a criminal matter pending in the United States of America.  The United States District Court for the Northern District of California assures the courts of Germany and the appropriate judicial authority designated to execute this request that the courts of the United States are authorized to assist foreign tribunals in the execution of letters rogatory for assistance in criminal matters.  The United States District Court for the Northern District of California respectfully requests the courts of Germany to reciprocate in this request, and to assist the courts of the United States of America to gather evidence requested by this Letter Rogatory to ensure the integrity of judicial proceedings in the United States of America. The District Court believes that the evidence sought is material to the issues in dispute in this case. In conformity with 18 U.S.C. § 1781, the undersigned applicant therefore has the honor to submit the following Letter Rogatory.

## THE FACTS

The United States Attorney, who is the federal prosecutor for this judicial district, has charged Aliaksandr Klimenka with violating the criminal laws of the United States by: the operation of an unlicensed money transmitting business; and conspiracy to commit money laundering. Mr. Klimenka is alleged to have been involved with BTC-e, a digital currency exchange, which was indicted in 2017, while Mr. Klimenka was later indicted in 2022. Mr. Klimenka is a Belarussian national with Cyprus citizenship. This court is informed that evidence in the form of witnesses may exist in Germany that is material <u>to Mr. Klimenka's defense</u> of the criminal charges he now faces in the United States. Specifically, the witnesses listed below have agreed to voluntarily appear in Berlin, Germany and to submit to oral examination by defense counsel and U.S. government attorneys as if the witnesses were to do so at a trial because they are unable to travel to the United States to do so. Their testimony is to be recorded with a transcript and video. A trial in this matter is scheduled at present for October 20, 2025 in San Francisco, California, United States of America.

In a May 2, 2025 order (Dkt. No. 112), the Court granted defendant Aliaksandr Klimenka's motion to examine the seven (7) witnesses under Federal Rule of Criminal Procedure 15 (Dkt. No. 100). The Court found that the witnesses' testimony could provide substantial proof of a material fact in this felony prosecution; there is a substantial likelihood that these witnesses' attendance at trial cannot be obtained; these witnesses presence for depositions in the United States in fact cannot be obtained; Klimenka cannot be present because no reasonable conditions will assure his appearance at the deposition or at trial; and Klimenka can meaningfully participate in the deposition through reasonable means (live two-way videoconferencing). Fed. R. Crim. P. 15(c)(3)(A), (B), (C), (D)(iii), (E); *see United States v. Medjuck*, 156 F.3d 916, 920 (9th Cir. 1998); *United States v. Mothafar*, No. 20-cr-00506-HZ, 2021 WL 5605185, at *3 (D. Or. Nov. 29, 2021).

# THE OFFENSES

**18 U.S.C. § 1960. Prohibition of unlicensed money transmitting business.**

Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.

The term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and—(A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable; (B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under section; or (C) otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity.

The term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier; and

The term "State" means any State of the United States, the District of Columbia, the Northern Mariana Islands, and any commonwealth, territory, or possession of the United States.

**18 U.S.C. § 1956(h). Laundering of monetary instruments.**

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempt to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity – (A) with the intent to promote the carrying on of specified unlawful activity; or the intent to engage in conduct constituting a violation of section 7201 or 72016 of the Internal Revenue Code of 1986; or (B) knowing that the transaction is designed in whole or part – to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or to avoid a transaction reporting requirement under State or Federal law – shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both. For purposes of this paragraph, a financial transaction shall be considered to be one involving the proceeds of specified unlawful activity, and all of which are part of a single plan or arrangement.

Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or

through a place outside the United States or to a place in the United States from or through a place outside the United States—(A) with the intent to promote the carrying on of specified unlawful activity; or (B) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in part – to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or to avoid a transaction reporting requirement under State or Federal law – shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or imprisonment for not more than twenty years, or both. For the purpose of the offense listed in subparagraph (B), the defendant's knowledge may be established by proof that a law enforcement office represented the matter specified in subparagraph (B) as true, and the defendant's subsequent statements or actions indicate that the defendant believed such representations to be true.

Whoever, with the intent – (A) to promote the carrying on of specified unlawful activity; (B) to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity; or (C) to avoid a transaction reporting requirement under State or Federal law – conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined under this title or imprisoned for not more than 20 years, or both. For purposes of this paragraph and subparagraph (2), the term "represented" means any representation made by a law enforcement officer or by another person at the direction of, or with approval of, a Federal official authorized to investigate or prosecute violations of this section.

## ASSISTANCE REQUESTED

The United States District Court for the Northern District of California requests that the appropriate judicial authority in Germany be designated to execute this Letter Rogatory in order to assist the voluntary presentation of the seven (7) below described witnesses to obtain their testimony and/or the production of their documents for the defense case in the trial of Mr. Klimenka in the United States. To obtain the testimony of the voluntary witnesses, this Court respectfully requests an order from the appropriate judicial authority in Germany instructing the seven (7) below-named witnesses to appear and attend their examinations (on a date and at an address to be provided which is convenient to the U.S. Attorneys and the Klimenka defense

attorneys) in Berlin, Germany to testify under oath at a deposition; to have the testimony of those witnesses recorded by a stenographer and video for use at the trial of Mr. Klimenka; and to produce documents for review, inspection and copying for the attorneys.

A deposition is a standard procedure utilized in such cases in the United States to ask oral questions and take oral answers of the witness under oath and the penalties of perjury pursuant to U.S. law. The recorded testimony is thereafter reviewed by this U.S. federal court and the presiding Judge for the purpose of ensuring that only proper questions and answers are admitted into the body of evidence to be presented to the members of the Jury at trial.

The use of a recorded deposition/examination makes it unnecessary for the witness to travel to the United States for the trial which is a great savings in monetary costs, attorney time and logistical burden to the witness.

Some of Mr. Klimenka's defense attorneys and some of the U.S. Attorneys will travel to Berlin, Germany for these examinations. Certain of the defense attorneys and the U.S. Attorneys will participate in the examinations remotely by video-conferencing from their locations in the United States. Mr. Klimenka's attorneys and the U.S. Attorneys each have an opportunity to ask questions of these witnesses, using the assistance of an interpreter (if necessary), a videographer, and a court reporter, who would record the testimony in both video and written form. The deposition procedure enables the attorneys to ask questions of these witnesses under oath and to ensure that there is a possibility that the testimony they offer is admissible in further court proceedings and at the trial. All expenses incurred to take the depositions will be paid for by the defendant. The names and the domicile addresses (for delivery of any notifications) of the seven (7) witnesses are listed below. Of the seven (7) witnesses, none are citizens of Germany, and they all agree to voluntarily appear in Berlin, Germany for their examinations without the need for service of any subpoena.

**(1)** **Andrei Sudakov**
Brivibas iela 150-17
Riga, LV-1082 LATVIA
profyfx@gmail.com

**(2)** **Daniels Vanags**
A. Deglava 108/6-33,
Riga, LV-1082 LATVIA
danvanags@gmail.com

**(3)** **Aliaksei Shkadarevich**
17/130, Ludwika Rydygiera, 01-793
Warsaw, POLAND
b2b@fxopen.org

**(4)** **Andrei Pazniak**
calle Clara Campoamor, 3 - chalet 3
(Urbanización Zafiro Golf)- 03540
de Playa de San Juan, Alicante  SPAIN
Y8867003B
Andrei1pazniak@gmail.com

**(5)** **Denis Lubenstov**
Światowida 63B/46, 03-141
Warsaw, POLAND
denisldb@gmail.com

**(6)** **Aliaksandr Kachanau**
Kobierzycka 15/40,
52-315 Wrocław, POLAND
alexandr.kochanov2@gmail.com

**(7)** **Illya Petrushenka**
Starinovskaya 23-10
Minsk, BELARUS
ilya.petrushenka@gmail.com

In connection with this procedure, this court respectfully requests permission from the appropriate judicial authority for the U.S. prosecutors and the defense attorneys to both attend and participate in these proceedings.  This court also respectfully requests that they each be permitted to ask questions of the testifying witnesses.  This court additionally requests that the witnesses be

placed under oath prior to testifying, that a court reporter be granted permission to take down a verbatim transcript of the testimony, and that a videographer be permitted to record the testimony of the witnesses.

### DETAILS REGARDING EXAMINATIONS FOR GERMANY

Under Federal Rule of Criminal Procedure 15(h), the parties agree, and this Court orders that the examinations will be conducted on dates agreed upon by the defense and the United States in Berlin, Germany. Further, the examinations will be conducted in the City of Berlin, Germany, at the law offices of Luther Rechtsanwaltsgesellschaft mbH, Europacity, Heidestraße 40, 10557 Berlin, Germany, during standard business hours, or at another location to be agreed upon by the parties as needed. The examinations will be conducted by defense counsel for Klimenka under U.S. procedure, with the opportunity for cross-examination by government counsel. Additionally, to the extent consistent with German law, counsel may attend and conduct the examinations using remote means unless they are examining counsel – examining counsel shall appear with the witness live in Berlin. Parties' noticed experts, and non-testifying government case agents, are permitted to view the depositions, either remotely or in-person, space-permitting and to the extent permitted by German law.

Under agreement of the parties, *see* Fed. R. Crim. P. 15(h), and to the extent permitted by German law, the Court orders that Klimenka may attend the overseas depositions remotely from the Northern District of California via live two-way videoconferencing. Klimenka's bond prohibits him from (among other things) traveling outside of the Northern District of California.

Defendant Klimenka shall bear the costs of all deposition witnesses' travel from their domiciles to Berlin, their lodging in Berlin, and any reasonable deposition-related out-of-pocket expenses. Klimenka shall also pay deposition expenses for the engaged U.S. court reporter, videographer, and any English-Russian translators, including the costs of travel, attendance, and

work performed at the depositions in Berlin. The defense shall share with the United States copies of all transcripts and video recordings.

The depositions shall be taken, and all transcripts and videos filed, consistent with Federal Rule of Criminal Procedure 15(e). Admissibility and use as evidence is governed by Federal Rule of Criminal Procedure 15(g).

**REQUEST FOR NOTIFICATION OF THE TIME AND PLACE
FOR EXECUTION OF THE REQUEST**

The relevant authority in Germany will be asked in due course to liaise with the following parties in order to identify a date for the deposition:

<u>Defendant Klimenka:</u>

Carlos F. Ortiz
BAKER HOFSTETLER
45 Rockefeller Center
New York, New York 10111
(212) 589-4676
cortiz@bakerlaw.com

Paul W. Verner
VERNER SIMON
30 Wall Street, 8th Floor
New York, New York 10005
(212) 502-5500
pwverner@vernerlaw.com

<u>Department of Justice:</u>

Claudia Quiroz
C. Alden Pelker
Ryan Rezaei
Jonas Lerman
U.S. DEPARTMENT OF JUSTICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3496
(415) 802-4637
Claudia.quiroz2@usdoj.gov
Catherine.pelker@usdoj.gov
Ryan.rezaei@usdoj.gov
Jonas.lerman@usdoj.gov

## RECIPROCITY

The District Court is authorized by 28 U.S.C. §§ 1781 and 1782 to extend similar assistance on request of the judicial authorities in Germany.

## REIMBURSEMENT FOR COSTS

Defendant is willing to reimburse the judicial authority of Germany for its costs incurred in the execution of this Court's Letter Rogatory.

Date: June 11, 2025

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO, CALIFORNIA, USA